SCHIFF HARDIN LLP
Matthew B. Mock (SBN 316380)
mmock@schiffhardin.com
5000 Birch Street, Suite 3000
Newport Beach, CA 92660
Telephone: (949) 623-2000
Facsimile:  (949) 476-3758

Jeffrey D. Skinner (SBN 239214)
jskinner@schiffhardin.com
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone:  (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendants
Graco Children's Products, Inc. and
Newell Brands DTC, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYONNA BREZINSKI and RACHAEL BISHOP, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC.<br><br>          Defendants. | Case No.  5:20-cv-00347-SVW-SHK<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS** |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
NEWPORT BEACH

CASE NO. 5:20-CV-00347-SVW-SHK

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FAC AND MOTION
TO STRIKE NATIONWIDE CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 1

I.  Plaintiffs Lack Standing Because They Fail to Allege an Injury-in-Fact. ...................................................................................................................... 1

II.  Plaintiffs Lack Standing to Assert Claims Regarding the Duet Glide Swing Because It Is Not Substantially Similar to the Products They Actually Purchased. .............................................................................................. 5

III.  Plaintiffs Lack Standing to Seek Injunctive Relief Because They Have Not Pled Facts to Show an Actual and Imminent Future Injury. .................... 7

IV.  The CLRA Claim Should Be Dismissed For Failure to Provide Proper Notice Pursuant to CCP § 1782 .................................................................... 10

V.  Plaintiffs Incorrectly Assert That They Have Met the Pleading Requirements For Fraud. ............................................................................. 11

VI.  Plaintiffs Fail to Allege That Defendants Have Breached Any Express Warranty. ................................................................................................... 13

VII.  Plaintiffs' Nationwide Class Claims Should Be Stricken Because California Plaintiffs Cannot Represent a Class of Residents of Other States for Claims Under California Law. .......................................................... 14

CONCLUSION ........................................................................................................ 15

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FAC**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asghari v. Volkswagen Group of America, Inc.*,
    42 F. Supp. 3d 1306 (C.D. Cal. Nov. 4, 2013) .................................................... 12

*Baum v. J-B Weld Company, LLC*,
    No. 19-cv-01718-EMC, 2019 WL 6841231 (N.D. Cal. Dec. 16,
    2019) ....................................................................................................................... 7

*Beckman v. Ariz. Canning Co.*,
    No. 3:16-cv-02792-JAH-BLM, 2019 WL 4277393 (S.D. Cal. Sept.
    9, 2019) ................................................................................................................. 11

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................. 11

*Dabish v. Brand New Energy, LLC*,
    No. 16-cv-400-BAS (NLS), 2016 U.S. Dist. LEXIS 167783 (S.D.
    Cal. Nov. 23 2016) ................................................................................................. 7

*Davidson v. Kimberly-Clark Corp.*
    889 F.3d 956 (9th Cir. 2018) ................................................................................. 9

*DePhillippis v. Living Essentials, LLC*,
    No. 3:18-cv-00404-BEN-MDD, 2018 WL 7051065 (S.D. Cal. Nov.
    29, 2018) .............................................................................................................. 6, 7

*Figy v. Frito-Lay North America Inc.*
    67 F. Supp. 3d 1075 (N.D. Cal. 2014) ................................................................ 6, 7

*Forcellati v. Hylands, Inc.*,
    No. 12-cv-1983, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ........................... 14

*Keilholtz v. Lennox Hearth Prods., Inc.*,
    268 F.R.D. 330 (N.D. Cal. 2010) ........................................................................ 14

*Keilholtz v. Superior Fireplace Co.*,
    No. C 08-00836 CW, 2009 WL 839076 (N.D. Cal. Mar. 30, 2009) ................... 11

*Kutza v. Williams-Sonoma, Inc.*,
   No. 18-cv-03534-RS, 2018 WL 5886611 (N.D. Cal. Nov. 9, 2018) .................. 9

*Larsen v. Trader Joe's Co.*,
   No. C 11-05188 SI, 2012 WL 5458396 (N.D. Cal. 2012) ...................................... 9

*Laster v. T-Mobile USA, Inc.*,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ........................................................... 11

*Martinelli v. Johnson & Johnson*,
   No. 15-cv-01733, 2017 WL 2257171 (E.D. Cal. May 23, 2017) ...................... 14

*Martinelli v. Johnson & Johnson*,
   No. 15-cv-01733, 2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) ...................... 14

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ........................................................................... 14

*McCrary v. Elations Co., LLC*,
   No. EDCV 13-00242, 2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) ............... 15

*Melgar v. Zicam LLC, et al.*,
   No. 14-cv-00160, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) ...................... 15

*In re: NJOY Consumer Class Action Litig.*,
   No. CV 14-00428 MMM, 2014 WL 12586074 (C.D. Cal. Oct. 20,
   2014) .................................................................................................................. 13

*Quiroz v. Sabatino*,
   No. SA CV 17-0783-DOC (KES), 2017 WL 8223648 (C.D. Cal.
   Sept. 18, 2017) ................................................................................................. 6, 7

*Ries v. Arizona Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ....................................................................... 9

*Salazar v. Honest Tea, Inc.*
   No. 2:13-cv-02318-KJM-EFB, 2015 WL 75223  (E.D. Cal. Jan. 6,
   2015) ................................................................................................................. 6, 7

*Sims v. Kia Motors Am., Inc.*,
   No. 13-cv-1791, 2014 WL 12558251 (C.D. Cal Oct. 8, 2014).................... 10, 12

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ............................................................................................ 7

Schiff Hardin LLP
Attorneys At Law
Newport Beach

- iii -

REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISMISS FAC

*Von Grabe v. Sprint PCS*,
   312 F. Supp. 2d 1285 (S.D. Cal. 2003) ............................................................... 11

*Wash. Mut. Bank v. Superior Court*,
   24 Cal. 4th 906 (2001) ...................................................................................... 14

**Court Rules**

Fed. R. Civ. Pro. 9(b) ............................................................................ 11, 12, 13

Fed. R. Civ. Pro. 12(b)(1) ............................................................................... 15

Fed. R. Civ. Pro. 12(b)(6) ............................................................................... 15

**INTRODUCTION**

Plaintiffs fundamentally fail to show that they have adequately pled facts to confer standing pursuant Rule 12(b)(1) or to state a claim pursuant to Rule 12(b)(6). Indeed, the First Amended Complaint ("FAC") is devoid of any allegations as to Plaintiffs' use of the products or the specifics of any injury that they claim.  This alone is fatal to their claims.  As explained in Defendants' opening brief and below, Plaintiffs do not have standing because they do not allege a legally cognizable injury-in-fact relating to their purchase of any of the three products referenced in the FAC, and they have not shown an actual and imminent future injury to establish standing for injunctive relief.  Plaintiffs also fail to state a claim under the California Consumer Legal Remedies Act ("CLRA") because they did not provide proper written notice prior to filing this lawsuit.  And Defendants showed in their opening brief that the FAC fails to adequately plead allegations related to their fraud claims with the particularity required by Rule 9(b) or to plead the existence of an express written warranty.  Finally, Defendants demonstrated in their opening brief that Plaintiffs' nationwide class allegations should be stricken for violations of due process and because the FAC does not put Defendants on notice as to which state common law should apply.

Nothing in Plaintiffs' opposition alters the fundamental conclusion that the allegations in the FAC are insufficient to permit this action to proceed as pled.  For the reasons explained in Defendants' opening brief and below, then, Plaintiffs' FAC should be dismissed with prejudice.

**ARGUMENT**

**I.    Plaintiffs Lack Standing Because They Fail to Allege an Injury-in-Fact.**

Plaintiffs claim they have standing based on the bare allegation that they purchased two of the three products at issue in this case.  FAC ¶¶ 9-10.  But even a cursory review of the FAC reveals that their scanty and conclusory allegations do not state whether Plaintiffs actually placed their infants in the products they

allegedly purchased or whether they used those products to help the infants sleep. As explained in Defendants' opening brief (at 8-9), these products actually are marketed as a "Rocking Seat" and a "Gliding Swing."  Plaintiffs make no allegations that they could not and did not use the products for those stated purposes.  Indeed, Plaintiffs have not included any allegation in the FAC that they *used* the products at all.  Accordingly, Plaintiffs have failed to adequately allege a "benefit of the bargain" injury.

Indeed, one of the cases that Plaintiffs rely on heavily for their position makes clear that bare-bones allegations like those offered here are insufficient to confer standing to claim a "benefit of the bargain" injury.  In *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 754 F. Supp. 2d 1145 (C.D. Cal. 2010) ("*Toyota SUA Litig.*"), another court in this District held that, while more generalized pleading as to harm might satisfy the standing requirement for putative class members, the named plaintiffs must allege facts sufficient to establish *their* standing under a "benefit of the bargain" theory.  *Id.* at 1166-67.  Some of the named plaintiffs in that case merely pled that they owned a Toyota automobile.  *Id.*  Accordingly, the court dismissed their claims for lack of standing, explaining that "it seems reasonable to *require specific allegations* by the lead Plaintiffs that support a cognizable injury under Article III, which would preferably *be detailed enough* so that the Court and [the defendant] would have no trouble discerning what constitutes the injury."  *Id.* at 1167, 1201; *see also Park-Kim v. Daikin Industries, Ltd.*, No. 15-cv-9523-CAS(KKx), 2016 WL 1069035, at *5 (C.D. Cal. Mar. 17, 2016) (citing *Toyota* and dismissing named plaintiff's claims for lack of standing because she "conflates … [her] allegations with those of the putative class members and … often fails to make these allegations with sufficient particularity").  In contrast, other named plaintiffs who alleged they actually re-sold or traded in their Toyota vehicles at a loss due to the defect were held to have standing.  *Id*. at 1166.  The bare-bones

1    allegations here are no better than those of the named plaintiffs whose claims were

2    dismissed in *Toyota SUA Litigation*.

3          None of the other authority cited by Plaintiffs is to the contrary.  Several

4    cases are readily distinguishable because they show an actual, out-of-pocket

5    monetary loss related to the alleged defect which is not alleged in this case.  In

6    *Cholakyan v. Mercedes-Benz USA, LLC*, for instance, the plaintiff opposed

7    defendant's motion to dismiss by producing a receipt showing he paid to have a

8    water leak diagnosed in his own vehicle due to a manifestation of the alleged water

9    leak defect that was the subject of his lawsuit.  796 F. Supp. 2d 1220, 1229-30

10   (C.D. Cal. 2011) ("[S]ince plaintiff incurred a concrete financial loss, in the form of

11   ascertainable out-of-pocket damages, plaintiff has demonstrated an injury-in-fact

12   under both California and federal law.")  Plaintiffs then cite *Sanchez v. Wal-Mart*

13   *Stores, Inc.* for the same proposition, but the plaintiff in that case alleged "that she

14   has suffered 'injury in fact' under the UCL because she had to *replace* her stroller

15   due to Defendants' unfair business practice."  No. 2:06-CV-2573 JAM KJM, 2008

16   WL 3272101, at *3 (E.D. Cal. Aug. 6, 2008) (emphasis added).  In other words, she

17   suffered a concrete financial loss:  the cost of the replacement stroller.  *Strumlauf v.*

18   *Starbucks Corp.*, in turn, involved a claim that coffee cups routinely were

19   underfilled, resulting in purchasers receiving less coffee than they paid for—*i.e.*, a

20   concrete loss.  192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016) ("If all Starbucks lattes

21   are made pursuant to a standardized recipe which results in the lattes being

22   uniformly underfilled, and Plaintiffs allege that they purchased lattes, it is

23   reasonable to conclude that—even without measuring—Plaintiffs' lattes were

24   underfilled.").  Neither Plaintiff here has alleged any such concrete loss, so

25   *Cholakyan*, *Sanchez*, and *Strumlauf* are inapposite.

26          Plaintiffs also cite an automotive class action in which the named plaintiffs

27   alleged that they experienced the defect when they operated the vehicle.  *Kearney v.*

28   *Hyundai Motor Co.*, No. SACV 09-1298 DOC (MLGx), 2010 WL 9093204, at *1

(C.D. Cal. June 4, 2010).  They alleged that the vehicle's occupant classification system had failed to activate the passenger-side airbag when occupants actually were seated in the named plaintiffs' vehicles.  *Id*.  Indeed, one plaintiff even alleged that the airbag did not deploy in a head-on collision with a drunk driver.  *Id*.  The court noted that those plaintiffs alleged something above and beyond what Plaintiffs in this action have alleged:  "the actual performance of the vehicles is deficient because Plaintiffs are deprived of the opportunity to ride in a vehicle with functioning passenger side airbags…in a family of three children and two adults, only four of the five individuals can safely ride in the car at any given time.  *Id*. at *4.[1]  Plaintiffs here have alleged no such manifestation of the claimed defect in the products at issue or, indeed, anything about their use of the products at all.

Plaintiffs additionally cite two Ninth Circuit cases that involved allegations of a distinct harm relating to the price paid for the products at issue.  In *Maya v. Centex Corp.*, the plaintiffs alleged not just that they purchased the house at issue, but also that due to the sale of other homes in their neighborhood to other high-foreclosure-risk buyers, "[t]heir neighborhoods have allegedly had 'a number of foreclosures and short sales that have resulted in a substantial loss of value to the surrounding homes.'"  658 F.3d 1060, 1066 (9th Cir. 2011).  The plaintiffs there contended "that the foreclosures and short sales have 'drastically altered' the 'desirability' of their properties and neighborhoods, resulting in abandoned houses, multiple families living in one home, transient neighborhoods, and even increased crime."  *Id*.  The *Maya* court thus held that an injury-in-fact existed at the time of the purchase in the context of the plaintiff's robust factual pleading concerning the mortgage lenders' practice of making loans to unsuitable borrowers.  Similarly, in *Hinojos v. Kohl's Corp.*, the plaintiff alleged that he was injured when he purchased

---

[1] Plaintiffs also cite *Nguyen v. Nissan North America, Inc.*, a recent Ninth Circuit decision that references *Kearney*, but that case had nothing to do with standing in the context of a motion to dismiss.  932 F.3d 811, 820 (2019).

items that were advertised as being on sale when, in fact, the defendant routinely sold them for the sale price.  718 F.3d 1098, 1101 (9th Cir. 2013).  The *Hinojos* plaintiff thus pointed to a different price at the moment of sale that deceived him and caused his injury.  In this case, though, the FAC provides no particulars about the damages, or any other injury that was allegedly caused by the defect.

Plaintiffs further rely on cases involving well-pled allegations that the plaintiffs purchased products specifically because of specific claims made in advertisements or on the product labeling.  *See Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *4-5 (C.D. Cal Apr. 11, 2011) ("Plaintiffs allege they would not have purchased the" guacamole and bean dip at issue "absent the advertisements" that they contained no transfats.); *Guido v. L'Oreal, USA, Inc.*, No. CV 11-1067 (CAS) (JCx), 2011 WL 13152488, at *2 (C.D. Cal. June 27, 2011) ("Plaintiffs alleged that they would not have purchased" the product if it was properly labeled because "other manufacturers of comparable … products containing the same ingredients … have adequate warning labels").  Here, on the other hand, the FAC contains no allegations about Plaintiffs' reliance on particular statements made in the labeling of the products at issue. .   *See* FAC ¶¶ 9-10; Defs.' Brief at 6-9.

Simply put, nothing in Plaintiffs' opposition cures the fundamental defect in the FAC:  their failure to provide any factual allegations that might support that they somehow suffered an injury-in-fact when the purchased the products.  The cases Plaintiff rely on, as well as the cases cited in Defendants' opening brief, all demonstrate that such bare-bones allegations cannot survive a motion to dismiss.

## II.   Plaintiffs Lack Standing to Assert Claims Regarding the Duet Glide Swing Because It Is Not Substantially Similar to the Products They Actually Purchased.

Beyond their failure to allege any facts sufficient to establish an injury-in-fact, Plaintiffs also lack standing as to their claims involving the Duet Glide Swing. They conflate the Duet Glide Swing with the Little Lounger Seat and DreamGlider

Infant Swing that they actually purchased by incorrectly asserting that these dissimilar and distinct products all are "Inclined Sleepers."  But the Duet Glide Swing is not "substantially similar" to the other two products.

As an initial matter, the FAC shows on its face that the Duet Glide Swing is not substantially similar to the Little Lounger or DreamGlider.  Plaintiffs underscore this in the FAC with images of  the three different products demonstrating that they look distinctly different (¶ 19) and that product literature describes their uses in significantly different ways (¶¶ 4, 48, 49).  Plaintiffs' own allegations, therefore, belie their efforts to categorize these three distinct products into the single category of "Inclined Sleeper."

Moreover, the cases cited by Plaintiffs do not show that the Duet Glide Swing is substantially similar to the products they purchased, but rather support exactly the opposite conclusion.  *Salazar v. Honest Tea, Inc.* involved products that were identical formulations of a beverage that merely had different labels in different time periods.  No. 2:13-cv-02318-KJM-EFB, 2015 WL 75223, at *6-7 (E.D. Cal. Jan. 6, 2015) (claims involved "the same Honey Green Tea that was in circulation from 2008 through 2013" but had different "variations of the label relat[ing] to the content of antioxidants").  Likewise, *Figy v. Frito-Lay North America Inc.* involved pretzels that had the same formulation and identical labeling, but came in different shapes.  67 F. Supp. 3d 1075, 1079-80 and 1084. (N.D. Cal. 2014) (products were "pretzels, distinct in their shape but not in any other relevant characteristics, … [that] contain[ed] the same list of allegedly 'artificial, synthetic and unnatural ingredients' [and]…the same impermissibly high levels of sodium").  Plaintiffs also cite several other food cases involving different flavors of the same products that had virtually identical labeling.  *See DePhillippis v. Living Essentials, LLC*, No. 3:18-cv-00404-BEN-MDD, 2018 WL 7051065, at *1-3 (S.D. Cal. Nov. 29, 2018) (standing to assert claims involving 13 different flavors of 5-Hour Energy drinks based on their "similar packaging, composition, and labeling"); *Quiroz v.*

*Sabatino*, No. SA CV 17-0783-DOC (KES), 2017 WL 8223648, at *5 (C.D. Cal. Sept. 18, 2017) (standing to assert claims for both Black Truffle Infused Olive Oil and White Truffle Infused Olive Oil that "have nearly identical packaging [when] neither contains truffles, and both contain a synthetic substitute").  *Salazar*, *Figy*, *DePhillipis*, and *Quiroz* involved essentially the *same* products, and thus do not support the contention that the Duet Glide Swing, the Little Lounger Seat and the DreamGlider Infant Swing are "substantially similar".

Finally, Plaintiffs cite two cases where the plaintiffs alleged the same mislabeling claim across a series of similar products.  *See Dabish v. Brand New Energy, LLC*, No. 16-cv-400-BAS (NLS), 2016 U.S. Dist. LEXIS 167783, at *2-3 and 7 (S.D. Cal. Nov. 23 2016) ("Defendant misbranded a series of products as dietary supplements when they were not[,] but rather were adultered with other chemicals"); *Baum v. J-B Weld Company, LLC*, No. 19-cv-01718-EMC, 2019 WL 6841231, at *1 (N.D. Cal. Dec. 16, 2019) (manufacturer of epoxy products incorrectly labeled 24 different variations a product as "Made in U.S.A").  Those cases turned on the allegations of similar labels, not products, rendering them inapplicable here.

Plaintiffs' attempt to stretch the meaning of "substantially similar" beyond all recognition should be rejected.  Under the relevant case law, the Duet Glide Swing simply is not a different flavor or formulation of the Little Lounger or DreamGlider.  It is a different product entirely, with entirely different labeling and functionality.  Plaintiffs therefore lack standing to assert claims regarding the Duet Glide Swing.

### III.  Plaintiffs Lack Standing to Seek Injunctive Relief Because They Have Not Pled Facts to Show an Actual and Imminent Future Injury.

As Defendants highlight in their opening brief (at 11-12), Plaintiffs lack standing to pursue injunctive relief because they fail to show an actual and imminent future injury.  *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FAC**

(2009).  Plaintiffs cannot plausibly plead that they intend to purchase Defendants' products—one of which has been recalled and is no longer being sold—in the future with some different form of labeling when they also allege these  products to be, in their very design, "*inherently* unsafe and unfit for their intended use."  FAC ¶ 5 (emphasis added).  Plaintiffs' arguments that they have standing to assert claims for injunctive relief thus are both legally insufficient and logically unsound.

First, as the FAC readily acknowledges, the Little Lounger already has been recalled.  FAC ¶ 7.  Plaintiffs cannot claim that they face an actual and imminent future injury with respect to that product because it is no longer on the market.  Plaintiffs' opposition tacitly acknowledges this when they quote from the FAC but replace the words "Little Lounger" with "[sleeper]" in the sentence claiming that Ms. Brezinski remains interested in purchasing a Little Lounger in the future.  Pls' Opp. at 9, Lines 1-3; FAC ¶ 9.  Realizing that no injunctive relief is even possible regarding that product, Plaintiffs instead seek to lump it together with other, different products that are still on the market and create a new class of product— "Inclined Sleeper"— and then seek an injunction concerning products that Ms. Brezinski did not purchase.  The Court should not fall for this sleight-of-hand.  The injunctive relief claims based on that product therefore should be dismissed.

Second, Plaintiffs present a contradictory argument regarding the remaining injunctive relief they are seeking.  On the one hand, Plaintiffs couch their request for injunctive relief in allegations that the labeling and marketing of the "Inclined Sleepers" is deceptive.  FAC ¶¶ 44-54.  But on the other hand, they argue that the alleged defect with "Inclined Sleepers" is inherent in their design and that any such product that allows an infant to sleep at angles between 10 and 30 degrees is unsafe.  FAC ¶¶ 5, 20, 35; Pls.' Opp. at 9.  Plaintiffs fail to recognize the fundamental paradox in their argument, nor can they plausibly explain why they would still purchase these products in the future.  If Plaintiffs believe that the products are unsafe in their very design (which they are not), how could injunctive relief

1  changing the labeling suddenly render them a product that either Plaintiff "remains

2  interested in purchasing" in the future?  FAC ¶¶ 9, 10.

3      The cases cited by Plaintiffs highlight how they fail to plead an actual and

4  imminent future injury.  For instance, in *Davidson v. Kimberly-Clark Corp.*, the

5  plaintiffs alleged that certain pre-moistened wipes were not "flushable" as indicated

6  on the labeling.  889 F.3d 956, 961-62 (9th Cir. 2018).  Plaintiffs in that case did

7  not allege that the wipes could never be used at all (*e.g.*, by disposing of used wipes

8  in the trash), but sought injunctive relief to "prohibit [defendant] from using the

9  term 'flushable' on their wipes until the product is truly flushable."  Here, in

10  contrast, Plaintiffs allege that the products offered by Defendants can never be safe

11  regardless of any changes to these products' labeling.

12      The other cases cited by Plaintiffs suffer from the same problem:  all involve

13  situations in which a change in wording on the label would give the plaintiffs

14  information to decide  whether or not they wished to purchase a product in the

15  future; none involved products that themselves were alleged to be defective or

16  unsafe.  *See Henderson*, 2011 WL 1362188, at *8 (mislabeling with respect to

17  transfat in guacamole and bean dip); *Ries v. Arizona Beverages USA LLC*, 287

18  F.R.D. 523, 527-28 (N.D. Cal. 2012) (drinks containing corn syrup should not be

19  labeled as "natural"); *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI, 2012 WL

20  5458396, at *1 (N.D. Cal. 2012) (food products should be not be labeled as

21  "natural" if they contained certain synthetic ingredients); *Kutza v. Williams-*

22  *Sonoma, Inc.*, No. 18-cv-03534-RS, 2018 WL 5886611, at *1 (N.D. Cal. Nov. 9,

23  2018) (lotions, soaps, and cleaning products were incorrectly labeled as "natural").

24  Plaintiffs here, however, cannot make the same argument based on their own

25  pleading in the FAC that products suffer from an alleged defect that, as they see it,

26  is inherent in the design of the products and can never be corrected through a

27  change in labeling.

28      Third, Plaintiffs have pled no facts indicating that they still have a need for

1  the infant products identified in the FAC (and did not respond to Defendants'

2  argument on this point in the opening brief).  Defendants are left to guess whether

3  Plaintiffs even have children of the appropriate age to use the products, which

4  would be necessary to claim an actual and imminent future injury.  Unlike the bevy

5  of food and cleaning products at issue in the cases Plaintiffs cite, the products

6  identified in this case have a relatively small window of time when children are of

7  the appropriate age to use them.  The FAC alleges that Ms. Brezinski purchased the

8  Little Lounger on July 10, 2018.  FAC ¶ 9.  It also alleges that Ms. Bishop

9  purchased the Dream Glider in or around November 2017.  FAC ¶ 10.  But the FAC

10  also notes throughout that these products are intended for "infants" and "babies"

11  and cites sleep statistics for children under one year of age.  *See*, e.g., FAC ¶¶ 1-3,

12  5.  Indeed, as indicated in the instructions for the Little Lounger, consumers are told

13  to "stop using the product when:  The infant begins to roll over OR the child can

14  pull up on sides (approx. 5 months) OR the child reaches 30 lb (13.6 kg), whichever

15  comes first."  Decl. of Steven E. Swaney, Ex. C at p. 2.  Plaintiffs' children have

16  likely outgrown these products and thus Plaintiffs have no imminent need for them

17  in the future.

18  **IV.  The CLRA Claim Should Be Dismissed For Failure to Provide Proper Notice Pursuant to CCP § 1782.**

19

20      Plaintiffs admit that they sent a demand letter pursuant to the CLRA on

21  February 19, 2020, only one day prior to filing this lawsuit.[2]  Pls.' Opp. at 12.

22  Plaintiffs FAC thus should be dismissed for failure to comply with the 30-day

23  notice requirement under CCP § 1782.

24      Plaintiffs cite a case a single case—*Baird v. Samsung Elecs. Am., Inc.*—for

[2] As Defendants referenced in their opening brief, Plaintiffs also sent a different letter just one day earlier on February 18, 2020, that failed to mention either the DreamGlider or Duet Swing.  Defs.' Brief at 14.  Their attempt to cure the patent deficiency by sending a second letter the next day that referenced the other products does nothing to change the fact that neither one-day nor the two-day notice meets the 30-day notice requirement of § 1782.

the proposition that a CLRA claim need not be dismissed for failure to provide notice.  No. C 17-06407 JSW, 2018 WL 4191542, at *9-10 (N.D. Cal. Jul. 20, 2018) (*rev'd on other grounds*, 804 Fed. Appx. 481 [9th Cir. 2020]). Notwithstanding *Baird*, however, the weight of the authority holds that failure to comply with the notice requirement should result in dismissal.  Defs.' Brief at 14-15; *see also Beckman v. Ariz. Canning Co.*, No. 3:16-cv-02792-JAH-BLM, 2019 WL 4277393, at *12 (S.D. Cal. Sept. 9, 2019); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003).  This line of cases is better-reasoned because permitting CLRA claims without proper notice would render § 1782 meaningless.

Plaintiffs surprisingly cite a case holding that CLRA claims for damages should be dismissed for failure to comply with the notice requirement, even if claims for injunctive relief may remain in the case.  *Keilholtz v. Superior Fireplace Co.*, No. C 08-00836 CW, 2009 WL 839076, at *3 (N.D. Cal. Mar. 30, 2009).  But, as Defendants already have demonstrated, Plaintiffs have no standing to assert their claims for injunctive relief.  Thus, even if Plaintiffs were right that they were free to disregard the CLRA's notice requirement for their injunctive relief claims (which they are not), their claims for damages should be dismissed for failure to adhere to the notice requirements under §1782 and their claims for injunctive relief should be dismissed for lack of standing.  *See* Part III, *supra*.

## V.   Plaintiffs Incorrectly Assert That They Have Met the Pleading Requirements For Fraud.

As explained in Defendants' opening brief (at 15-21), Plaintiffs' fraud claims fail to provide the particularized facts required under Rule 9(b).  Plaintiffs cite no case law that disputes the heightened standard for factual pleading of fraud, but instead baldly assert that their minimal pleading meets this standard.  Even a generous reading of the FAC reveals that it does not.  Plaintiffs are required to

identify false or misleading statements upon which they reasonably relied or reference material facts that Defendants knowingly did not disclose. Plaintiffs' opposition reveals that they simply cannot do so.

Plaintiffs point to the vague and generic allegations in the FAC that the products at issue inherently are not suitable for infants. Pls.' Opp. at 13-16. Rather than plead specific claims or language made by Defendants, as required under Rule 9(b), Plaintiffs instead try to provide the "how" of the fraud by inserting *their own language* that classifies all three products as "Inclined Sleepers" and alleges that all such products are unsafe. And when they do cite language on the products' packaging, it is only single words such as "lounger" or descriptions of the DreamGlider or Duet Swing, which have not been recalled and the latter of which Plaintiffs did not actually purchase. Plaintiffs have not (and cannot) point to any claims regarding the products at issue that are untrue. As such, the allegations of fraud are insufficient under Rule 9(b).

Plaintiffs also fail in their attempt to allege that Defendants have fraudulently omitted information. Rule 9(b) requires that, at minimum, a plaintiff "must describe the content of the omission and where the omitted information should or could have been revealed." *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558251, at *4 (C.D. Cal Oct. 8, 2014). The FAC fails to do so. Plaintiffs do not point to any specific omission that would have changed their decision to purchase the product. Rather, they repeat over and over that the products are inherently unsafe or that they relied on Defendants' use of the word "infant" in its packaging and labeling. Defs.' Brief at 19-21. Plaintiffs also selectively quote from a case regarding the "relaxed" standard for omission claims, but fail to mention that court's very next sentence: "[n]onetheless, a plaintiff alleging fraudulent omission or concealment must still plead the claim with particularity." *Asghari v. Volkswagen Group of America, Inc.*, 42 F. Supp. 3d 1306, 1325 (C.D. Cal. Nov. 4, 2013). The FAC, on its face, does not meet the particularity

1   requirements under Rule 9(b), as explained at length in Defendants' opening brief.

2       Rule 9(b) serves a purpose.  When a plaintiff claims that a defendant has

3   done something fraudulent, she must show precisely the statements or claims made

4   by the defendant that are incorrect or show what statements that defendant omitted

5   that would have changed her purchasing decision.  Plaintiffs' opposition largely

6   does not dispute the law on fraud, but instead asks this court to infer something in

7   her factual pleading that simply does not exist.

8   **VI.    Plaintiffs Fail to Allege That Defendants Have Breached Any Express**
9   **        Warranty.**

10      As with their arguments regarding fraud, Plaintiffs also do not dispute the

11  robust law governing claims for breach of express warranty.  Instead, they make the

12  incorrect claim that their scanty pleading meets these requirements.

13      Plaintiffs' allegations in the FAC neither constitute express warranties nor

14  plead that the products did not function as claimed.  Plaintiffs argue that general

15  descriptions or single words such as "lounger" or "sleeper" constitute express

16  warranties.  Pls.'s Opp at 16-17.  But the law in this District is clear that "[g]eneral

17  assertions about statements included in a variety of advertisements and on a variety

18  of packages do not state a claim for breach of express warranty."  *In re: NJOY*

19  *Consumer Class Action Litig.*, No. CV 14-00428 MMM (RZx), 2014 WL

20  12586074, at *18 (C.D. Cal. Oct. 20, 2014).

21      Plaintiffs also do not allege that the products did not function for them as

22  supposedly "warranted" or that they malfunctioned at all.  Indeed, Plaintiffs could

23  not show in their opposition that they have pled facts regarding how their personal

24  use of the products did not meet the standards of the alleged warranty because they

25  have not pled any facts whatsoever about the use of their products.  This void is

26  fatal to their express warranty claim.

27

28

**VII.    Plaintiffs' Nationwide Class Claims Should Be Stricken Because California Plaintiffs Cannot Represent a Class of Residents of Other States for Claims Under California Law.**

Finally, Plaintiffs make the spurious claim that they are permitted to represent a nationwide class of purchasers in claims made against Defendants under California law, even though they do not allege that either Defendant is headquartered in California or that any of the products at issue were manufactured in California.  Hence, Plaintiffs' nationwide class claims are futile and should thus be stricken at the pleading stage.

It is well-settled that plaintiffs cannot assert California-law claims on behalf of a nationwide class against non-California defendants because California lacks the necessary "significant contact" with the claim of "each class member."  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-90 (9th Cir. 2012); *see also Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 921 (2001).  Not only do Plaintiffs' attempts to represent a nationwide class violate due process with respect to the non-California-resident Defendants, but the common law claims Plaintiffs pursue also vary so significantly among states that there is no commonality of law required for class action treatment.  Defs.' Brief at 24-25.

Plaintiffs cite a string of cases that either are irrelevant or entirely contrary to their argument.  Most make clear that the nationwide classes being certified involve California-domiciled defendants or identical state laws.  *Martinelli v. Johnson & Johnson*, No. 15-cv-01733, 2019 WL 1429653, at *8 (E.D. Cal. Mar. 29, 2019) (partially certifying multi-state class *only* for express warranty claims where it was "uncontested" that the law in those states was "identical");[3] *Forcellati v. Hylands, Inc.*, No. 12-cv-1983, 2014 WL 1410264, at *2 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class case against defendant headquartered in California); *Keilholtz v.*

---

[3] The *Martinelli* court earlier granted the defendants' motion to deny class certification of a nationwide class, which likely is known to Plaintiffs' counsel as their firm represented the plaintiffs in that case as well.  *See Martinelli v. Johnson & Johnson*, No. 15-cv-01733, 2017 WL 2257171, at *6 (E.D. Cal. May 23, 2017).

*Lennox Hearth Prods., Inc.*, 268 F.R.D. 330, 340 (N.D. Cal. 2010) (certifying a nationwide class where 97% of the products were wholly or partially manufactured, assembled, or packaged in California); *see also Melgar v. Zicam LLC, et al.*, No. 14-cv-00160, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) (certifying nationwide class with no discussion of potential differences in state laws or indication of the defendants' domicile).  And in a baffling turn, Plaintiffs also cite a case that concerns a motion for class certification of "all persons residing in the state of California."  *McCrary v. Elations Co., LLC*, No. EDCV 13-00242 JGB (OPx), 2014 WL 1779243, at *7 (C.D. Cal. Jan. 13, 2014).

Courts have long established that plaintiffs cannot bring nationwide class claims against out-of-state defendants for alleged state law violations or common law claims that vary by state.  Plaintiffs ignore this basic tenet of class action law, and the FAC is devoid of any allegations that might establish that a nationwide class is proper or even possible here.  Accordingly, their nationwide class claims should be stricken.

## CONCLUSION

For the reasons stated above and in Defendants' opening brief, the FAC should be dismissed with prejudice[4] under Rule 12(b)(1) for lack of subject-matter jurisdiction and/or under Rule 12(b)(6) for failure to state a claim.  Plaintiffs nationwide class claims also should be stricken because they do not comport with due process or well-settled federal class action jurisprudence.

---

[4] Plaintiffs already have been permitted an opportunity to amend their original Complaint, *after* Defendants filed a virtually identical motion to dismiss, but failed to correct their pleading deficiencies in the FAC. Thus, it is clear that the deficiencies identified in Defendants' motion cannot be cured by amendment.

1   Dated:          July 6, 2020                Respectfully submitted,

2                                               Schiff Hardin LLP

3                                               By: /s/ Matthew B. Mock
                                                Matthew B. Mock (SBN 316380)
4                                               mmock@schiffhardin.com
                                                5000 Birch Street, Suite 3000
5                                               Newport Beach, CA 92660
                                                Telephone:  (949) 623-2000
6                                               Facsimile:   (949) 476-3758

7                                               Jeffrey D. Skinner (SBN 239214)
                                                Four Embarcadero Center, Suite 1350
8                                               San Francisco, CA 94111
                                                Telephone: (415) 901-8700
9                                               Facsimile: (415) 901-8701
                                                jskinner@schiffhardin.com
10
                                                Attorneys for Defendants
11                                              Graco Children's Products, Inc. and
                                                Newell Brands DTC, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented electronic service are being served with a copy of this document via the Court's CM/ECF system on July 6, 2020.


/s/ Matthew B. Mock
Matthew B. Mock