UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00347-SVW-SHK | Date | July 20, 2020 |
|---|---|---|---|
| Title | *Nayonna Brezinski v. Graco Childrens Products, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [19]

### I. Background

Nayonna Brezinski and Rachel Bishop ("Plaintiffs") bring these claims against Newell Brands DTC, Inc. and Graco Children's Products, Inc. ("Defendants") under this Court's Diversity jurisdiction and as a class action on behalf of themselves and "all others similarly situated . . . ." First Amended Complaint (FAC), Dkt. 14. Plaintiffs bring claims of: (1) fraud; (2) unjust enrichment; (3) breach of express warranty; (4) breach of implied warranty; (5) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*; (6) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (7) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*. *Id.*

### II. Motion to Dismiss

Plaintiffs allege claims against Defendants based on three products: the Little Lounger Seat, DreamGlider Infant Swing, and the Duet Glide Sling. *Id.* However, the two Plaintiffs only allege that they purchased the Little Lounger and DreamGlider. Neither of the named Plaintiffs have alleged they ever purchased the Graco Duet Glide Sling, and have therefore insufficiently alleged standing to bring claims related to that product. *See Contreras v. Johnson & Johnson Consumer Cos.*, 2012 WL 12096581, at *2 (C.D. Cal. Nov. 29, 2012).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00347-SVW-SHK | Date | July 20, 2020 |
|---|---|---|---|
| Title | *Nayonna Brezinski v. Graco Childrens Products, Inc. et al* | | |

    Plaintiffs have also failed to properly allege standing to bring a "benefit of the bargain" claim on either of the purchased products. Plaintiffs have not alleged that the use of the contested products caused any injury, or even that Plaintiffs have ever used the products at all. *See Whitson v. Bumbo*, No. 07-CV-05597 MHP, 2009 WL 1515597, at *2, 4 (N.D. Cal. Apr. 16, 2009) (dismissing claims for "violation of state consumer protection laws, breach of express and implied warranties and unjust enrichment" for Bumbo baby seats because plaintiff had "not alleged how or whether she used her Bumbo seat, nor has she alleged that she or a child on whose behalf she has standing to sue was injured by the seat."). Plaintiffs claim they were deprived the benefit of the product they purchased, but Plaintiffs have failed to provide a factual allegation that the product did not or cannot perform the function for which is was sold. The only factual allegations Plaintiffs have provided are injuries resulting from unrelated, third-party products, and the fact that Defendants issued a recall for the products in question. But "the presence of a [product] recall alone does not establish . . . harm, economic or otherwise." *Coffelt v. Kroger Co.*, 2018 WL 6004543, at *10 (C.D. Cal. Aug. 17, 2018). Plaintiffs must provide a specific factual allegation that the contested products caused some actual harm, economic or otherwise. The Court is unable to discern from the complaint any concrete injury, which falls short of the "short and plain statement of the claim showing that the pleader is entitled to relief" required under FRCP 8(a)(2).

    Plaintiffs have also failed to sufficiently allege fraud under FRCP 9(b) because they have yet to identify any misrepresentation on the part of Defendants. "Rule 9(b)'s particularity requirement applies to state-law causes of action. [W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (internal quotation marks omitted). A product recall does not imply an admission of false or misleading advertising, and Plaintiffs have yet to provide any factual allegation that the products did not or could not perform as advertised. More importantly for fraud pleading, Plaintiffs have not shown how any of Defendants' statements or advertising were false or misleading.

    Plaintiffs have sought a nation-wide class action on the basis of unidentified state common law and California statutory law. There is no discernible class, nation-wide or otherwise, because Plaintiffs have not stated a sufficient basis in law. Without a sufficient allegation of fraud or a cogent class action claim, Plaintiffs have not properly invoked this Court's diversity jurisdiction because the amount in controversy has not been met. Without the class component, even assuming Plaintiffs' benefit of the bargain theory can be sufficiently alleged, Plaintiffs need to show that the amount in controversy exceeds $75,000, which is not plausible in relation to the cost of a single low-cost product that caused no

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00347-SVW-SHK | Date | July 20, 2020 |
|---|---|---|---|
| Title | *Nayonna Brezinski v. Graco Childrens Products, Inc. et al* | | |

injury. Without, for the moment, addressing Plaintiffs' standing to request injunctive relief, Plaintiffs have failed to demonstrate the requested injunctive relief would exceed the amount in controversy. Without jurisdiction, the Court is unable to hear Plaintiffs claims under the California's statutory scheme.

### III.   Conclusion

Defendants' motion to dismiss is GRANTED. Plaintiff is given 21 days to amend the complaint. Failure to remedy the aforementioned defects in future pleading, if any, may result in dismissal with prejudice.

:

Initials of Preparer      PMC